RANKIN–HILL CO. v. ALBERTSON–
LEWIS CO.  (No. 6085.)

(Court of Civil Appeals of Texas.  San Antonio.
Nov. 6, 1918.  Rehearing Denied
Dec. 4, 1918.)

1. SALES ⊜➾45—FAILURE TO DELIVER—DEFENSES—INSOLVENCY.

Where purchaser of canned goods sued for failure to deliver and defendant interposed plaintiff's insolvency, the question of insolvency was immaterial, where, if insolvent, defendant knew plaintiff was insolvent at the time of making the contract, and plaintiff offered cash for the goods.

2. APPEAL AND ERROR ⊜➾882(14)—SCOPE OF REVIEW—INVITED ERROR.

In action for damages for failure to deliver goods sold, where defendant sought to prove plaintiff's insolvency and to have that issue submitted to the jury, defendant could not complain of the manner in which the instructions submitted the question of insolvency, and at the same time contend that it was immaterial whether plaintiff was insolvent.

Appeal from San Patricio County Court; M. A. Childers, Judge.

Action by the Albertson-Lewis Company against the Rankin-Hill Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. G. Cook, of Sinton, and G. R. Scott and Boone & Pope, all of Corpus Christi, for appellant.

J. C. Houts, of Sinton, for appellee.

FLY, C. J. Appellee instituted this suit against appellant to recover damages arising from the breach of a contract to deliver to appellee certain canned articles, which it was alleged had been purchased by appellee from appellant at a certain price, said articles to be delivered at a certain time and to be paid for in certain payments after delivery. The defense was that, when the contract was made, appellee was largely indebted to appellant on other transactions, and it was agreed that the order for the canned articles was not to be filled until appellee substantially reduced, by payments, the existing indebtedness, and that appellee wholly failed to reduce the indebtedness, and consequently appellant refused to fill the order for the canned goods. It was also alleged that no price had ever been agreed upon for the goods, nor had any quantity been determined upon. The

cause was submitted to a jury on special issues, and, upon the answers thereto, judgment was rendered in favor of appellee for $290.

[1] The facts indicate that appellant did not deliver the goods to appellee because they had increased in value; it being shown that appellee offered to pay cash for the goods if they were delivered. The jury found that the contract was as alleged by appellee, and that there was no agreement to pay off a former indebtedness, as a condition to obtaining the canned articles. The jury found that appellee was solvent. If appellee was insolvent when the goods should have been delivered, it was insolvent when the contract was made, and appellant well knew its condition. Under the circumstances the question of insolvency was of no importance. Appellee offered cash for the goods.

It appeared from the evidence that the bulk of the debts owed by appellee was in the shape of promissory notes held by appellant, and the latter had agreed to carry the indebtedness over another year.

[2] The third assignment of error is overruled. In the first and second assignments of error complaint is made that the question of insolvency was not presented as desired by appellant, and in the third assignment it is contended that it was utterly immaterial whether appellee was insolvent or not. If that be true, the matter of insolvency had no effect on the judgment of the court; but, if it had, appellant cannot be heard to complain, because it sought to prove insolvency and sought to have insolvency submitted to the jury. The manner in which insolvency was presented is not attacked in the brief.

The judgment is affirmed.